**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

FALLS LAKE NATIONAL
INSURANCE COMPANY,

        Plaintiff,

v.                                             Case No:   6:24-cv-385-JSS-LHP

INDICAR OF DAYTONA INC.,
DAYTONA KIA, DAYTONA
MITSUBISHI, INDICOM INC.,
THEODORE FOSTER and JOYCE
NIEVES, AS PR FOR THE ESTATE OF
KATWAINA BROWN,

        Defendants

**ORDER**

This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:**   **PLAINTIFF'S RENEWED APPLICATION FOR ENTRY OF DEFAULT BY THE CLERK AGAINST DAYTONA MITSUBISHI AND INCORPORATED MEMORANDUM OF LAW (Doc. No. 44)**
>
> **FILED:**     June 7, 2024
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

> **MOTION:** **PLAINTIFF'S RENEWED APPLICATION FOR ENTRY OF DEFAULT BY THE CLERK AGAINST DAYTONA KIA AND INCORPORATED MEMORANDUM OF LAW (Doc. No. 45)**
>
> **FILED:** **June 7, 2024**
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED.**

> **MOTION:** **PLAINTIFF'S RENEWED APPLICATION FOR ENTRY OF DEFAULT BY THE CLERK AGAINST INDICOM INC AND INCORPORATED MEMORANDUM OF LAW (Doc. No. 46)**
>
> **FILED:** **June 7, 2024**
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

> **MOTION:** **PLAINTIFF'S RENEWED APPLICATION FOR ENTRY OF DEFAULT BY THE CLERK AGAINST INDICAR OF DAYTONA INC AND INCORPORATED MEMORANDUM OF LAW (Doc. No. 47)**
>
> **FILED:** **June 7, 2024**
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

> **MOTION:** **PLAINTIFF'S RENEWED APPLICATION FOR ENTRY OF DEFAULT BY THE CLERK AGAINST**

| |
|---|
| **THEODORE FOSTER AND INCORPORATED MEMORANDUM OF LAW (Doc. No. 48)** |
| **FILED:** June 7, 2024 |
| **THEREON** it is **ORDERED** that the motion is **GRANTED**. |

By prior Order, the Court denied without prejudice Plaintiff's motions for Clerk's default against several Defendants, including Defendants Indicar of Daytona, Inc., Daytona Kia, Daytona Mitsubishi, Indicom, Inc., and Theodore Foster. Doc. No. 40; *see also* Doc. Nos. 35–39. Specifically, Plaintiff's motions failed to comply with the Local Rules, and failed to address how service on Defendants was proper. Doc. No. 40. Now before the Court are Plaintiff's renewed motions for Clerk's default against the same Defendants. Doc. Nos. 44–48. The only Defendant to have appeared, Joyce Nieves, as personal representative for the Estate of Katwaina Brown, does not oppose. *See id.*

Federal Rule of Civil Procedure 55(a) provides, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Before a Clerk's default can be entered against a defendant, however, the Court must determine that the defendant was properly served. *See generally United States v. Donald*, No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009) (citations omitted).

As it relates to Defendant Theodore Foster, who was personally served in prison, Plaintiff's motion (Doc. No. 48) is **GRANTED**, and the Clerk of Court is directed to enter default against Mr. Foster. *See* Fed. R. Civ. P. 4(e); Fla. Stat. §§ 48.031(1)(a), 48.051; *see also* Doc. No. 26.

As to Defendant Indicom, Inc., Plaintiff demonstrates that process was served on Indicom Inc.'s general manager at its principal address. Doc. Nos. 18, 46. Accordingly, Plaintiff's motion as to Indicom Inc. (Doc. No. 46) is likewise **GRANTED**, and the Clerk of Court is directed to enter default against Indicom, Inc. *See* Fed. R. Civ. P. 4(h)(1)(B); *Estes Express Lines v. Coverlex, Inc.*, No. 8:19-cv-467-CEH-AEP, 2021 WL 3712965, at *4–5 (M.D. Fla. Aug. 3, 2021), *report and recommendation adopted*, 2021 WL 3709639 (M.D. Fla. Aug. 20, 2021); *Cole v. Halsted Fin. Servs., LLC*, No. 2:16-cv-754-FtM-99MRM, 2017 WL 1365463, at *2 (M.D. Fla. Apr. 14, 2017).

As to the remaining Defendants, the Court also finds that service was proper. Specifically, service on Defendants Indicar of Daytona, Inc., Daytona Kia, and Daytona Mitsubishi was effected on "Tom Pelchen as General Manager – Authorized" at Indicom, Inc.'s place of business. Doc. Nos. 17, 19–20. This appears to have been sufficient to effect service under Federal Rule of Civil Procedure 4(h)(1)(B) because as an "authorized" person for Indicom, Inc., the

- 4 -

registered agent for these entities,[1] service was properly effected on "a managing or general agent" under Rule 4(h)(1)(B). Doc. Nos. 44–45, 47; *see also* Doc. Nos. 17, 19, 20; *Ariza v. Chocomere LLC*, No. 6:24-cv-452-PGB-EJK, 2024 WL 1929507, at *1 (M.D. Fla. May 2, 2024) (service on employee of registered agent that was a corporation sufficient to effect service under Rule 4(h)(1)(B)).

Moreover, Rule 4(h) also provides that service on business entities may be effected by following state law. Fed. R. Civ. P. 4(h)(1)(a), 4(e)(1). Under Florida law, a corporation may be served by serving a registered agent. Fla. Stat. § 48.081(2). And if a registered agent is not a natural person, service may be effected "on any employee of the registered agent." Fla. Stat. § 48.091(4). Given that service was effected on the general manager of the registered agent Indicom, Inc., then, service appears to have been proper under governing law as to Defendants Indicar of Daytona, Inc., Daytona Kia, and Daytona Mitsubishi. *See* Fla. Stat. §§ 48.081(2), 48.091(4); *Ariza v. Chocomere LLC*, No. 6:24-cv-452-PGB-EJK, 2024 WL

---

[1] According to the complaint and Plaintiff's motion, Daytona Mitsubishi and Daytona Kia are fictitious names owned by Indicar of Daytona, Inc., for which Indicom, Inc. is the registered agent. *See* Doc. Nos. 1, 44, 45, 47. Records for the Florida Department of State also confirm that Indicom, Inc. is the registered agent for Indicar of Daytona, Inc., and that service was effected at Indicom, Inc.'s principal address. Available at https://search.sunbiz.org/Inquiry/CorporationSearch/ByName, by accordingly entering either "Indicar of Daytona, Inc." or "Indicom, Inc." into the "Entity Name" field.

1929507, at *1 (M.D. Fla. May 2, 2024); *see also Rajbhandari v. U.S. Bank*, 305 F.R.D. 689, 693–94 (S.D. Fla. 2015) ("A process server's return of service is presumed to be valid and satisfies a plaintiff's initial prima facie burden absent strong and convincing evidence presented to the contrary."). Accordingly, the remaining motions (Doc. Nos. 44–45, 47) are **GRANTED**, and the Clerk of Court is directed to enter default against Indicar of Daytona, Inc., Daytona Kia, and Daytona Mitsubishi.

**DONE** and **ORDERED** in Orlando, Florida on June 24, 2024.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties