**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

FALLS LAKE NATIONAL
INSURANCE COMPANY,

        Plaintiff,

v.                                                                                      Case No:   6:24-cv-385-JSS-LHP

INDICAR OF DAYTONA INC.,
DAYTONA KIA, DAYTONA
MITSUBISHI, INDICOM INC.,
THEODORE FOSTER and JOYCE
NIEVES, AS PR FOR THE ESTATE OF
KATWAINA BROWN,

        Defendants

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **FALLS LAKE NATIONAL INSURANCE COMPANY'S MOTION FOR DEFAULT JUDGMENT AGAINST INDICAR OF DAYTONA INC., DAYTONA KIA, DAYTONA MITSUBISHI, INDICOM INC. AND THEODORE FOSTER (Doc. No. 58)**
>
> **FILED:**   **July 26, 2024**

> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

## I. BACKGROUND.

On February 23, 2024, Plaintiff Falls Lake National Insurance Company filed a complaint for declaratory relief against the above-named Defendants. Doc. No. 1. The case stems from an underlying lawsuit in state court where Joyce Nieves, as personal representative for the Estate of Katwaina Brown, seeks damages against Daytona Kia and Theodore Foster arising out of a car accident where Foster's alleged negligent operation of a motor vehicle killed Katwaina Brown. *Id.* ¶¶ 12–13; Doc. No. 1-1. Foster was allegedly a customer of Daytona Kia and using Daytona Kia's vehicle while his was being serviced. Doc. No. 1 ¶ 14. Plaintiff is currently providing a defense to Foster in the underlying state court proceedings, subject to a reservation of rights, and pursuant to an insurance policy issued to Indicar of Daytona, Inc. as the first named insured. *Id.* ¶¶ 15, 20–30. Plaintiff seeks a declaration that it has no duty to defend or indemnify Foster in the underlying lawsuit. *Id.* ¶ 30.

Joyce Nieves, as personal representative for the Estate of Katwaina Brown, has appeared in this case and is defending against Plaintiff's claims. *See* Doc. Nos. 21–23, 25. The remaining Defendants have not, and on Plaintiff's motions, Clerk's defaults have been entered against them. *See* Doc. Nos. 44–48, 55–56. Plaintiff

now seeks default judgment against the non-appearing Defendants.  Doc. No. 58. The motion for default judgment has been referred to the undersigned.

Upon review, and for the reasons set forth below, the undersigned finds that resolution of the motion for default judgment against the non-appearing Defendants should await resolution of this matter against Joyce Nieves, as personal representative for the Estate of Katwaina Brown.

## II.   ANALYSIS.

In general, a court may enter a default judgment when the factual allegations of the operative complaint, which are assumed to be true, provide a sufficient legal basis for such entry.  *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.").  Therefore, in considering a motion for default judgment, a court must "examine the sufficiency of the allegations in the complaint to determine whether the plaintiff is entitled to" a default judgment. *Fid. & Deposit Co. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

This general rule, however, has exceptions.  "[I]n cases involving more than one defendant, a judgment . . . should not be entered against a defaulting party alleged to be jointly liable, until the matter has been adjudicated with regard to all defendants."  *Nationwide Mut. Fire Ins. Co. v. Creation's Own Corp.*, No. 6:11-cv-1054-Orl-28DAB, 2011 WL 6752561, at *5 (M.D. Fla. Nov. 16, 2011) (citing *Frow v. De*

*La Vega*, 82 U.S. 552 (1872)).  The purpose behind this result is the prohibition against logically inconsistent judgments.  *See Frow*, 82 U.S. at 554.  The United States Court of Appeals for the Eleventh Circuit has also extended this prohibition against logically inconsistent judgments to other cases beyond those where liability is deemed to be joint.  In this Circuit, it is "sound policy" that "when defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits."  *Gulf Coast Fans v. Midwest Elecs. Imp.*, 740 F.2d 1499, 1512 (11th Cir. 1984) (citation omitted).

The rationale of *Frow* and *Gulf Coast Fans* applies here, and courts under similar circumstances have withheld addressing the merits of a motion for default judgment in a multi-defendant insurance declaratory judgment action when at least one defendant is defending against the claim.  *See, e.g.*, *Nat'l Indem. Co. of the S. v. H&C Fla. Trucking, Inc.*, No. 6:22-cv-74-PGB-LHP, 2022 WL 18636696, at *1 (M.D. Fla. Mar. 14, 2022) (denying without prejudice motion for default judgment in insurance declaratory judgment action due to the risk of inconsistent judgments); *Country Mut. Ins. Co. v. Goldman*, No. 2:19-CV-881-WKW, 2020 WL 1644289, at *1 (M.D. Ala. Apr. 2, 2020) (same); *Westchester Surplus Lines Ins. Co. v. Paramount Disaster Recovery, LLC*, No. 6:18-cv-1738-Orl-37DCI, 2019 WL 5294770, at *2 (M.D. Fla. Apr. 5, 2019) (same); *Nationwide Ins. Co. of Am. v. Jones*, No. 6:18-cv-1423-Orl-40DCI, 2018 WL 8582452, at *1 (M.D. Fla. Nov. 27, 2018) (same); *see also Nautilus Ins.*

*Co. v. A.J. Cardinal Grp. LLC*, No. 8:18-cv-2778-T-60CPT, 2019 WL 5072094, at *1 (M.D. Fla. Aug. 1, 2019), *report and recommendation adopted*, 2019 WL 5068636 (M.D. Fla. Oct. 9, 2019) ("[S]ome courts have found [the practice of withholding the entry of default judgment in multi-defendant actions] particularly prudent where the case involves the declaration of obligations and coverage under an insurance agreement that is the subject of an underlying dispute." (citation and quotation marks omitted)); *Glob. Aerospace, Inc. v. Platinum Jet Mgmt., LLC*, No. 09-60756-CIV, 2009 WL 3400519, at *5 (S.D. Fla. Oct. 20, 2009) ("[C]ourts routinely withhold default judgments declaring that an insurance policy is inapplicable until the claims against the defendants who appear in the action are adjudicated.").

Plaintiff will be permitted to renew the motion for default judgment against the non-appearing Defendants, as appropriate, after resolution of this matter against Joyce Nieves, as personal representative for the Estate of Katwaina Brown.

### III.   CONCLUSION.

For the reasons stated herein, Plaintiff's Motion for Default Judgment Against Indicar of Daytona, Inc., Daytona Kia, Daytona Mitsubishi, Indicom, Inc. and Theodore Foster (Doc. No. 58) is **DENIED without prejudice.**   Plaintiff may renew the motion, as appropriate, within **twenty-one (21) days** of resolution of this matter against Defendant Joyce Nieves, as personal representative for the Estate of Katwaina Brown.

**DONE** and **ORDERED** in Orlando, Florida on July 31, 2024.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties