UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FALLS LAKE NATIONAL
INSURANCE COMPANY,

    Plaintiff,

v.                                            Case No: 6:24-cv-385-JSS-LHP

INDICAR OF DAYTONA INC.,
DAYTONA KIA, DAYTONA
MITSUBISHI, INDICOM INC.,
THEODORE FOSTER and JOYCE
NIEVES, AS PR FOR THE ESTATE
OF KATWAINA BROWN,

    Defendants.
_____/

## ORDER

Defendant Joyce Nieves, as Personal Representative for the Estate of Katwaina Brown, filed a Motion for Dismissal or in the Alternative Motion for Remand to Florida State Court for Joinder with Underlying Action. (Motion, Dkt. 25.) Defendant seeks to dismiss this action or remand it to Florida state court to be considered along with an underlying liability action currently pending in that court. Plaintiff opposes the Motion. (Dkt. 28.) Upon consideration, and for the reasons stated below, Defendant's Motion is denied.

## BACKGROUND

Plaintiff filed this declaratory judgment action "seeking a declaration regarding the parties' rights and obligations under two insurance policies issued by Falls Lake to

Indicar." (Dkt. 1 ¶ 1.) According to Plaintiff, Falls Lake National Insurance Company (Falls Lake) contends that it does not owe Defendant Theodore Foster insurance coverage under the policies. (*Id.*) This action is related to an underlying lawsuit, *Nieves v. Daytona Kia*, No. 2023-30340-CICI (Fla. 7th Cir. Ct. Mar. 17, 2023), filed and pending in the Circuit Court of the Seventh Judicial Circuit in Volusia County, Florida (Underlying Action). (Dkt. 25 at 2.) In the Underlying Action, Joyce Nieves, as Personal Representative for the Estate of Katwaina Brown, sued Daytona Kia and Theodore Foster alleging that "Foster negligently operated or maintained the motor vehicle [owned by Daytona Kia] so that it collided with a tree, lit on fire and injured and/or killed Decedent Katwaina Brown." (Dkt. 28 at 3 (quoting Dkt. 1-1 ¶¶ 8–9).) Defendant Nieves contends that given the ongoing, parallel proceedings in the Underlying Action, the declaratory judgment action filed in this court is premature and should be dismissed.

## ANALYSIS

"The Declaratory Judgment Act is an enabling Act, which confers a discretion on courts rather than an absolute right upon the litigant." *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005) (internal quotation marks omitted) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995)). While a federal court may make a declaration of rights, it does not have a duty to do so. *Id.* at 1330 (citing *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942)). Indeed, "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by

federal law, between the same parties." *Brillhart*, 316 U.S. at 495. Thus, when parallel state litigation is pending, a district court may "exercise its discretion to dismiss a declaratory judgment action in favor of a pending state court proceeding that will resolve the same state law issues. It is an abuse of discretion, however, to dismiss a declaratory judgment action in favor of a state court proceeding that does not exist." *Fed. Rsrv. Bank of Atlanta v. Thomas*, 220 F.3d 1235, 1247 (11th Cir. 2000) (citation omitted).

Here, the Underlying Action and this matter both involve personal injuries and death allegedly resulting from a car accident that occurred on June 25, 2021. (Dkt. 1 ¶ 13; Dkt. 1-1 ¶¶ 8–9.) The similarities in the two actions appear to end there. The two actions involve different parties and causes of actions. Plaintiff Falls Lake is not named in the Underlying Action. Additionally, while plaintiff in the Underlying Action alleges negligence claims, Plaintiff Falls Lake seeks a declaration concerning insurance coverage in this action. Thus, the two actions are wholly distinct and there is no parallel litigation in the state court that would resolve the issues in dispute here. Therefore, dismissal of the declaratory judgment action is inappropriate, and Defendant's Motion is due to be denied. *See Phila. Ind. Ins. Co. v. AGCO Corp.*, No. 1:10-cv-4148-TWT, 2011 WL 2652139 (N.D. Ga. July 6, 2011) (denying motion to dismiss given the absence of parallel state court litigation that would resolve the insurance coverage dispute); *Smithers Constr., Inc. v. Bituminous Cas. Corp.*, 563 F. Supp. 2d 1345 (S.D. Fla. 2008) (denying motion for remand and abstention given the absence of parallel state court litigation that would resolve the insurance coverage dispute).

Accordingly, it is **ORDERED** that Defendant's Motion for Dismissal or in the Alternative Motion for Remand to Florida State Court for Joinder with Underlying Action (Dkt. 25) is **DENIED**.

**ORDERED** in Orlando, Florida, on September 6, 2024.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record